UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: WALDEN UNIVERSITY, LLC,
DOCTORAL PROGRAM LITIGATION                       MDL No. 2765


ORDER DENYING TRANSFER


     **Before the Panel**: Plaintiff in the Southern District of Ohio *Thornhill* action moves under 28 U.S.C. § 1407 to centralize this litigation in the District of Minnesota or, alternatively, the Southern District of Ohio. Plaintiff in the District of Minnesota *Bleess* potential tag-along action supports the motion. *Pro se* plaintiff in the District of Maryland has indicated that he opposes transfer.[1] This litigation consists of three actions pending in three districts, as listed on Schedule A. Defendants[2] oppose centralization. No other plaintiffs responded to the motion.

     After considering all argument of counsel, we conclude that Section 1407 centralization of this litigation is not necessary. The actions here involve common factual issues arising from plaintiffs' allegations regarding their experiences as Walden University doctoral degree candidates. Plaintiffs contend that Walden misrepresented how much their doctoral studies would cost and the time frame in which their degree could be obtained. Plaintiffs further contend that Walden operates an unfairly drawn-out dissertation process that is fraught with inefficiencies, ensuring that students do not receive the timely responses and attention that they were promised. Plaintiffs also contend that the process is beset with inordinate turnover of faculty and supervisory committee chairs and members. Once students have spent considerable time and expense in the Walden program, they allegedly are left with two options in the face of the delays: quit the program (essentially throwing away all of the time and money expended), or continue to enroll in additional classes with the hope of eventually gaining a degree. In litigation such as this, where only a few actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Moving plaintiff has failed to do so here.

     This litigation involves only three actions and one potential tag-along action pending across three districts. One of the actions is an individual *pro se* case pending in the District of Maryland, and two of the three class actions (the Southern District of Ohio *Thornhill* and the District of

---

[1] The *pro se* plaintiff in the District of Maryland action filed a notice of interlocutory appeal with the Fourth Circuit, in which he argues in an informal brief that the motion to transfer would, if granted, be costly and inconvenient for him. *See Streeter v. Walden Univ. LLC, et al.*, No. 17-1004 (4th Cir., filed Jan. 3, 2017).

[2] Laureate International Universities, Walden University, LLC, Laureate Education. Inc.

- 2 -

Minnesota *Wright* actions) are brought by plaintiffs who are represented by common counsel. Cooperation among the few involved courts and counsel appears to be a workable alternative to centralization in these circumstances.[3] Moreover, defendants' pending motions under the first-to-file rule in the District of Minnesota *Wright* action and the District of Minnesota *Bleess* potential tag-along action carry the added potential to streamline this litigation without resort to the Section 1407 framework.

If needed as this litigation progresses, various mechanisms are available to minimize or eliminate the possibility of duplicative discovery in the absence of an MDL. Notices of deposition can be filed in all related actions; the parties can stipulate that any discovery relevant to more than one action can be used in all those actions; and the involved courts may direct the parties to coordinate other pretrial activities. *See, e.g., In re: Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); MANUAL FOR COMPLEX LITIGATION, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for Section 1407 centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_Sarah Vance_
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

---

[3] *See, e.g., In re: Boehringer Ingelheim Pharm., Inc., Fair Labor Standards Act (FLSA) Litig.*, 763 F. Supp. 2d 1377 (J.P.M.L. 2011) (denying centralization of four actions in which plaintiffs in three actions shared counsel and concluding that alternatives to formal centralization, such as voluntary cooperation among the few involved counsel and courts appeared viable).

**IN RE: WALDEN UNIVERSITY, LLC,**
**DOCTORAL PROGRAM LITIGATION**                                       MDL No. 2765

## SCHEDULE A

<u>District of Maryland</u>

STREETER v. WALDEN UNIVERSITY, LLC, ET AL., C.A. No. 1:16−03460

<u>District of Minnesota</u>

WRIGHT, ET AL. v. WALDEN UNIVERSITY, LLC, ET AL., C.A. No. 0:16−04037

<u>Southern District of Ohio</u>

THORNHILL v. WALDEN UNIVERSITY, LLC, ET AL., C.A. No. 2:16−00962